UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABUL CHOWDHURY, RASEL AHMED and JAHANGIR AHMED, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>TASTES ON THE FLY NEW YORK, LLC; FLIGHT CENTER HOTEL LLC, and any other related entities,<br><br>Defendants. | **Case No.: 22-cv-2682**<br><br>**CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs ABUL CHOWDHURY, RASEL AHMED and JAHANGIR AHMED (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206, 207, and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, Article 19 §§ 650 *et seq.*, and 12 New York Codes, Rules and Regulations ("NYCRR") Part 146 to recover, *inter alia*, unpaid minimum wages, unpaid overtime compensation, and unpaid tips and gratuities, owed to the Named Plaintiffs and other similarly situated persons who are presently or were formerly employed by TASTES ON THE FLY NEW YORK, LLC and FLIGHT CENTER HOTEL LLC; and any other related entities, (hereinafter collectively referred to as "Defendants") at all of Defendants' dining establishments located in the State of New York, including but not limited the restaurant doing business as "Paris Café."

2.      Upon information and belief, beginning in approximately September 2015[1] and continuing through the present, Defendants have engaged in a policy and practice of failing to compensate their food service employees in compliance with applicable state and federal law, including but not limited to:

    a)    by failing to compensate them at a regular hourly rate at least equal to the applicable minimum wage rate for all hours worked;

    b)    by failing to compensate them at rate at least equal to one and one half times their regular hourly rate for all hours worked over forty in a given workweek, when applicable;

    c)    by failing to compensate them with spread of hours pay, when applicable;

    d)    by failing to compensate them with timely wages by paying them less frequently than once per week; and,

    e)    by failing to pass along all tips and gratuities to tip-eligible employees monies to which they were entitled.

3.      Furthermore, upon information and belief, beginning in approximately September 2015 and continuing through the present, Defendants have engaged in a policy and practice of failing to provide adequate notice to their employees concerning their pay practices as required under the NYLL's Wage Theft Prevention Act.

4.      The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation that they were deprived of – plus liquidated damages, interest, attorneys' fees, and costs, and other damages as allowed for pursuant to applicable law.

---

[1] Governor Cuomo's Executive Orders tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for a period of 228 days in total. *See Brash v. Richards*, 195 A.D.3d 582 (2d Dep't 2021).

## JURISDICTION & VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this District because the wage violations which give rise to the Named Plaintiffs' claims occurred in this District.

## THE PARTIES

7.     Plaintiff ABUL CHOWDHURY is an individual who currently resides in the State of New York, and who was employed as a food service worker, specifically as a bartender, by Defendants at their Paris Café location from approximately July 2021 until April 2022.

8.     Plaintiff RASEL AHMED is an individual who currently resides in the State of New York, and who was employed as a food service worker, specifically as a bartender, by Defendants at their Paris Café location from approximately May 2019 until April 2022.

9.     Plaintiff JAHANGIR AHMED is an individual who currently resides in the State of New York, and who was employed as a food service worker, specifically as a server's assistant, by Defendants at their Paris Café location from approximately May 2019 until April 2022.

10.     Upon information and belief, Defendant TASTES ON THE FLY NEW YORK, LLC is a domestic limited liability company organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at JFK International Airport, Building 60 Mezzanine, Jamaica, New York 11430, and is and at all relevant times was engaged in the Hospitality Industry.

11.     Upon information and belief, Defendant FLIGHT CENTER HOTEL LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware, and is authorized to do business in the State of New York, with a headquarters and principal place of business located at JFK International Airport, Building 60 Mezzanine, Jamaica, New York 11430, and is and at all relevant times was engaged in the Hospitality Industry.

12.     Upon information and belief, the Defendants operate as a single enterprise, with both listed as the operator of the establishment on the New York State Liquor Authority's website.

13.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS AND COLLECTIVE ALLEGATIONS

14.     This action is properly maintainable as collective action pursuant to FLSA, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

15.     This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as food service employees, including in classifications such as server, server's assistant, bartender, and in various other related customarily-tipped trades.

16.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

17.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

a) whether Defendants compensated their food service employees at a rate at least equal to the applicable minimum wage for all hours worked;

b) whether Defendants compensated their food service employees at a rate at least equal to the applicable overtime rate for all qualifying hours worked;

c) whether Defendants compensated their food service employees with spread of hours pay when applicable;

d) whether Defendants disbursed all gratuities or charges purported to be gratuities in full to their eligible food service employees;

e) whether Defendants violated the law by failing to compensate food service employees on a weekly basis;

f) whether Defendants provided employees with adequate notice concerning their rate of pay and pay day pursuant to NYLL § 195(1)(a); and,

g) whether Defendants provided employees with adequate wage statements pursuant to NYLL § 195(3).

18. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of failing to compensate food service workers in compliance with applicable law.

19. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

20. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

22. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

23.     While employed by Defendants, the Named Plaintiffs and, upon information and belief, other members of the putative class, were paid a regular hourly wage in check, typically at a rate of between $10.00 to $12.00 per hour, on a semi-monthly basis.

24.     The job duties of the Named Plaintiffs' and other members of the putative class required that they perform manual labor for most – if not all – of their shifts. For example, as food service workers, the employees were required to make cocktails, serve food and beverages, arrange the dining areas, including setting up and cleaning up tables, and other physical tasks that necessitated they be on their feet for the entirety of their shifts.

25.     Upon information and belief, during the Named Plaintiffs' employment, Defendants collected gratuities or charges purported to be gratuities, but did not distribute these monies in full to the tip-eligible workers, including but not limited to by disbursing some of these monies to ineligible non-service, non-tip credit rate employees like hosts.

26.     Upon information and belief, Defendants failed to maintain accurate records pertaining to both their collection of, and any alleged distribution of, gratuities.

27.     Furthermore, Defendants failed to provide the Named Plaintiffs and, upon information and belief, other members of the putative class, with written notice of all required information, including but not limited to their proper pay rate, their pay day, or the frequency of their pay day at all statutorily mandated times, including both at hiring and prior to any change in their respective rates of pay.

28.     Moreover, the wage statements (or paystubs) received by the Named Plaintiffs and, upon information and belief, other members of the putative class, at the end of each pay period failed to include all required information, including credits claimed against the minimum wage.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY NEW YORK MINIMUM WAGE**

29.    The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

30.    The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect the Named Plaintiffs and members of the putative class.

31.    Defendants are "employers," within the meaning contemplated pursuant to NYLL Article 6 § 190(3), NYLL Article 19 § 651(6), and cases interpreting same.

32.    The Named Plaintiffs and putative class members are "employees," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

33.    Pursuant to NYLL Article 19 § 652(a)(i) "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: … $11.00 on and after December 31, 2016, $13.00 on and after December 31, 2017, $15.00 per hour on and after December 31, 2018…."

34.    Pursuant to NYLL § 650 et seq., also known as the Minimum Wage Act, the Commissioner of Labor is authorized to promulgate regulations enforcing the provisions of the NYLL and Minimum Wage Act. Pursuant to that authority the Commissioner promulgated the Hospitality Wage Order, 12 NYCRR Part 146.

35.    Pursuant to 12 NYCRR § 146-1.3, employers may take a credit against the minimum wage when paying service workers such as the Named Plaintiffs and other members of the putative class, but only if the "worker receives enough tips and if the employee has been notified of the tip credit as required under 12 NYCRR § 146-2.2", which requires that "[p]rior to

the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

36.     Here, Defendants were not entitled to take a tip credit against the minimum wage when paying service workers such as the Named Plaintiffs and other members of the putative class because they did not comply with the requirements necessary to do so under 12 NYCRR § 146-2.2.

37.     The Named Plaintiffs were typically paid less than minimum wage for all hours that they worked for Defendants, as they were typically paid a rate of $10.00 to $12.00 per hour.

38.     Thus, the Named Plaintiffs were typically paid anywhere between three to five dollars ($3.00 to 5.00) less than minimum wage during their employment, but did not receive requisite notice that Defendants were claiming a tip credit.

39.     The Named Plaintiffs also did not receive notification that if their tips were insufficient to bring their pay to the minimum wage, then Defendants would be required to supplement their wages.

40.     Defendants failed to provide the Named Plaintiffs with notice of the tip credit pursuant to 12 NYCRR §§ 146-1.3 and 146-2.2.

41.     Nevertheless, the Named Plaintiffs and, upon information and belief, other members of the putative class, were typically compensated at a rate below the applicable minimum wage rate.

42.     NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a

civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

43.     By the foregoing reasons, Defendants violated NYLL Article 19 § 652(a)(i), 12 NYCRR § 146-1.2 and NYLL Article 19 § 663, and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
### <u>FAILURE TO PAY NEW YORK OVERTIME</u>

44.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

45.     Pursuant to 12 NYCRR § 146-1.4, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

46.     Here, the Named Plaintiffs, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours per week, yet Defendants failed to compensate them at an overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a given week.

47.     For example, during the pay period beginning August 1, 2021 and ending August 15, 2021, Plaintiff Chowdhury was credited with 27.62 hours worked at $10.00 per hour, and 50.73 hours worked at $12.00 per hour.[2] However, despite working at a regular hourly rate of $12.00 per hour for nearly 65% of the pay period, Plaintiff Chowdhury was credited with an

---

[2] Notably, both of these rates are below the minimum wage required under New York law at the time ($15.00).

overtime rate of only $17.51 per hour. Similarly, during the pay period beginning October 1, 2021 and ending October 15, 2021, Plaintiff Chowdhury was credited with 39.31 hours worked at $10.00 per hour, and 45.99 hours worked at $12.00 per hour, yet again was credited with an overtime rate of only $17.51 per hour.

48.     Given that the minimum wage rate in 2021 was $15.00 per hour, the minimum legal overtime rate during such time was $22.50 per hour.

49.     Therefore, during 2021 for example, Defendants typically underpaid the Named Plaintiffs, and upon information and belief, other members of the putative class, by nearly five dollars ($5.00) per hour for all overtime hours worked.

50.     Even to the extent Defendants claim that they were entitled to pay the Named Plaintiffs and other members of the putative class at a reduced tip credit rate – which Plaintiffs dispute they were entitled to do – Plaintiff Chowdhury's blended rate after the tip credit would be higher than $17.51, given the majority of hours worked during the pay periods noted above were worked at $12.00 per hour rather than $10.00 per hour.

51.     NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

52.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL Article 19 § 663, and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FAILURE TO PAY FEDERAL OVERTIME</u>

53.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

54.     Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

55.     Defendants are employers of the Named Plaintiffs and of all putative class members.

56.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

57.     The Named Plaintiffs, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation at time and one-half their regular hourly rate for all such hours worked in excess of 40.

58.     Consequently, by failing to pay the Named Plaintiffs, and, upon information and belief, other members of the putative class all their earned overtime compensation at one and one half times their regular hourly rates, Defendants violated 29 U.S.C. § 207.

59.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

60.     By the foregoing reasons, Defendants have violated 29 U.S.C. § 207, and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: WRONGFULLY WITHHELD TIPS & GRATUITIES UNDER THE NYLL

61.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

62.     Pursuant to NYLL Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

63.     Defendants unlawfully withheld and retained portions of gratuities intended for food service employees, for example by collecting gratuities and charges purporting to be gratuities from their customers and then not distributing them in full to eligible employees, including by disbursing some portions of the monies to ineligible workers like hosts.

64.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of mandatory charges in the nature of gratuities, as required under 12 NYCRR Part 146.

65.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, and as such are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>WRONGFULLY WITHHELD TIPS & GRATUITIES UNDER THE FLSA</u>

66.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

67.     Under 29 U.S.C. § 203(m), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

68.     Here, Defendants have allowed ineligible personnel – including hosts – to participate in the tip pool.

69.     By the foregoing reasons, Defendants have violated 29 U.S.C. § 203(m), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FAILURE TO PAY SPREAD OF HOURS</u>

70.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

71.     Pursuant to 12 NYCRR § 142-2.4, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

72.     The Named Plaintiffs and, upon information and belief, putative class members, worked days where the spread of hours exceeded 10 hours in such days, but did not receive spread of hours pay.

73.     Defendants did not pay the Named Plaintiffs, and upon information and belief, those individuals similarly situated, an additional hour's pay when they worked shifts in which the spread of hours from the beginning of the shift until the end of the shift exceeded 10 hours.

74.     Consequently, by failing to pay to the Named Plaintiffs and individuals similarly situated an additional hour's pay on these occasions, Defendants violated 12 NYCRR § 142-2.4.

75.     By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4,  and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PROVIDE WAGE STATEMENT

76.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

77.     Pursuant to 12 NYCRR § 146-2.3, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with very payment of wages. The pay stub must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages"

78.     Pursuant to NYLL Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following:  the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise

provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

79.     Here, the Named Plaintiffs and, upon information and belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including the any credits claimed against the minimum wage.

80.     The Named Plaintiffs' paystubs did not reflect notice of the tip credit, that Defendants were claiming a tip credit, and that Defendants were required to supplement their wages if they did not earn enough in tips to bring them up to the minimum wage.

81.     NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

82.     By the foregoing reasons, Defendants violated 12 NYCRR § 146-2.3 and NYLL Article 6 § 195(3), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PROVIDE NOTICE UPON HIRING

83.     The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

84.     Pursuant to 12 NYCRR § 146-2.2, "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

85.     Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

86.     Here, the Named Plaintiffs and, upon information and belief, other members of the putative class, did not receive a notice in writing at hiring – or at any time thereafter – listing all required information, including their pay rate, their pay day, the frequency of their pay day, or that

they were entitled to extra pay if their tips were insufficient to bring them up to the basic minimum hourly rate.

87.    NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

88.    By the foregoing reasons, Defendants violated 12 NYCRR § 146-2.2 and NYLL Article 6 § 195(1)(a), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**NINTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY TIMELY WAGES**

89.    The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

90.    The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect the Named Plaintiffs and members of the putative class.

91.    Defendants failed to pay the Named Plaintiffs and members of the putative class on a timely basis as required by NYLL § 191(1)(a), which requires that manual workers – defined as individuals who spend more than 25% of their shifts performing physical tasks – be paid within seven calendar days after the end of the week in which the wages were earned.

92.     Here, Defendants violated NYLL § 191(1)(a) by compensating their employees semi-monthly (twice per month) as opposed to at least once per week.

93.     By the foregoing reasons, Defendants violated NYLL § 191(1)(a), and as such are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(5) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(6) on the sixth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(7) on the seventh cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(8) on the eighth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(9) on the ninth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(10)      together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York                          LEEDS BROWN LAW, P.C.
       May 9, 2022

                                           Brett R. Cohen
                                           Jeffrey K. Brown
                                           Michael A. Tompkins
                                           One Old Country Road, Suite 347
                                           Carle Place, New York 11514
                                           Tel: (516) 873-9550

                                           *Attorneys for the Named Plaintiffs and*
                                                 *Putative Class & Collective*